|  |  |
|---|---|
| EDWARD JELLENC, | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) |
| | ) |
| HUNTER BURCH, in his individual | ) |
| capacity, | ) |
| *Defendant*. | ) |

Case No. _____

JURY DEMAND

---

## COMPLAINT

### INTRODUCTION

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 for damages as well as declaratory relief against Defendant Hunter Burch, in his individual capacity. This suit arises from the unlawful arrest of Plaintiff for Driving Under the Influence (herein "DUI") under Tennessee Code Annotated (herein "T.C.A.") § 55-10-401 in 2025.

### PARTIES

1. **Plaintiff Edward Jellenc** is a resident of Murfreesboro, TN and was unlawfully arrested by Trooper Burch and charged with DUI in Lewis County, Tennessee on January 24, 2025.

2. Defendant **Hunter Burch** is a Trooper with the Tennessee Highway Patrol and is sued in his individual capacity.

### JURISDICTION AND VENUE

3. The Court has jurisdiction under 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3) because the controversy arises under the U.S. Constitution and 42 U.S.C. §1983.

4. Venue is proper in the Middle District of Tennessee under 28 U.S.C. §1391(b)(2) because the events giving rise to this action occurred within this District.

## FACTUAL ALLEGATIONS

5. On January 24, 2025, Plaintiff Edward Jellenc was stopped by THP Trooper Hunter Burch on Highway 412 westbound in Lewis County, Tennessee allegedly for a headlight on Mr. Jellenc's' vehicle that was not functioning properly.

6. Trooper Burch issued a citation to Mr. Jellenc for the headlight and for not having his insurance card (it was torn and Mr. Jellenc did not have the piece that was torn off).

7. Following the traffic stop, Trooper Burch administered a field sobriety test to Mr. Jellenc and thereafter issued a criminal citation charging him with Driving Under the Influence ("DUI"), in violation of Tenn. Code Ann. § 55-10-401.

8. The narrative of the citation, in its entirety, reads, "The above subject was observed in full control of a motor vehicle, while under the influence of drugs and/or alcohol. This occurred on highway 412, just east of the Natchez Trace Parkway."

9. Mr. Jellenc had to pay an appearance bond in the amount of $500 after spending 38 days in the Lewis County Jail.

10. A blood draw was performed on Mr. Jellenc which revealed that he *did not* have any intoxicants in his system.

11. The case against Mr. Jellenc was ultimately dismissed.

12. Defendant had no valid legal basis to arrest Plaintiff.

13. All of the relevant acts of Defendant were carried out under the color of state law.

14. These acts deprived Plaintiff of his constitutional rights.

**CAUSE OF ACTIONS**

**COUNT I**
**False Arrest in Violation of the Fourth Amendment**
**(42 U.S.C. § 1983)**

15. Plaintiff realleges and incorporates by reference the allegations set forth above.

16. Trooper Burch falsely arrested Mr. Jellenc on January 24, 2025.

17. The false arrest of Plaintiff was a deprivation of his civil rights to be free from arrest without necessary probable cause under the Fourth Amendment.

18. Defendant operated under the color of state law when he arrested Plaintiff.

19. Defendant lacked probable cause to believe Plaintiff had violated T.C.A. § 55-10-401.

20. Defendant's false arrest of Plaintiff deprived him of his liberty.

21. Defendant's false arrest was in reckless disregard of Plaintiff's rights.

22. Defendant's false arrest damaged Plaintiff by depriving him of his liberty, inflicted emotional distress, and caused financial and reputational damage.

**COUNT II**
**Malicious Prosecution in Violation of the Fourth Amendment**
**(42 U.S.C. § 1983)**

23. Plaintiff realleges and incorporates by reference the allegations set forth above.

24. On January 24, 2025, Defendant falsely charged Plaintiff with DUI under T.C.A. § 55-10-416.

25. The false charge deprived Mr. Jellenc of his liberty by causing him to be jailed for 38 days before being given a reasonable bond and released from jail.

26. Defendant was acting under the color of state law when he initiated the false charge against Mr. Jellenc.

27. Defendant initiated the false charge in reckless disregard of Mr. Jellenc's rights.

28. The false charges were resolved in Mr. Jellenc's favor on June 12, 2025, with a *nolle prosequi*.

29. The false charges deprived Plaintiff of his liberty, inflicted emotional distress, and caused financial and reputational harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that:

1.  The Defendant Answer this Complaint within the time period provided by law.

2.  That this cause be tried by a jury.

3.  That judgment for Plaintiff enters against the Defendant on each count.

4.  That Plaintiff be awarded compensatory damages against the Defendant in an amount to be determined by a jury.

5.  Nominal damages against Defendant on all counts.

6.  That Plaintiff be awarded punitive damages in an amount to be decided by a jury.

7.  Attorneys' fees and costs of suit as provided by 42 U.S.C. §1988.

8.  Court costs.

9.  Pre- and post-judgment interest at the legal rate.

10. The Court award Plaintiff such further relief as the case may require and the Court may deem just and proper under the circumstances.

Dated: January 23, 2026

*/s/ Tricia R. Herzfeld*
Tricia R. Herzfeld (BPR #26014)
Jeff Preptit (#38451)
**HERZFELD SUETHOLZ GASTEL
LENISKI AND WALL, PLLC**

1920 Adelicia St., Suite 300
Nashville, TN, 37212
Telephone: (615) 800-6225
tricia@hsglawgroup.com
jeff@hsglawgroup.com

*Attorneys for Plaintiff*